UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>JOSE ANTONIO HERNANDEZ-VELASQUEZ,<br><br>                Defendant. | No. 17-CR-050-JLQ<br><br>MEMORANDUM OPINION RE: SENTENCING |

The sentencing hearing was held on August 18, 2017. Defendant was present, in custody, and represented by Assistant Federal Public Defender John B. McEntire, IV. Assistant United States Attorney Stephanie Van Marter appeared for the Government. This Opinion memorializes and supplements the court's oral rulings at the sentencing hearing.

**I. Introduction and Background**

Defendant pled guilty, on June 29, 2017, to an Information Superseding Indictment charging him with being an Alien in Possession of Firearm on or about September 12, 2015, in violation of 18 U.S.C. § 922(g)(5)(A), 924(a)(2). The Information charged Defendant was in possession of a 9mm pistol with a removed serial number. The factual basis in the Plea Agreement (ECF No. 30, ¶ 6) set forth Defendant crashed his white Ford Explorer into a ditch on September 12, 2015, was intoxicated, and was arrested for DUI. The 9mm pistol was found during a search incident to arrest.

The parties state they believe the base offense level is 14. (ECF No. 30, ¶ 8). The parties also agree 4-levels will be added for obliterated serial number. (Id.). The parties

ORDER - 1

disagree as to whether Defendant pointed the firearm at another person on September 12, 2015, prior to crashing into ditch, and whether the 4-level enhancement should apply for using a firearm in connection with another felony. In the Plea Agreement, the parties make no agreement as to criminal history, and make no agreement as to appropriate sentence. The Government's sentencing recommendation in its written submissions was 41-months, and Defendant argues for 12 months and a day.

## II. Discussion

The Presentence Report ("PSR"), which the court finds to be through and well-prepared, calculated a much higher Guideline range than anticipated by the parties. The PSR in its analysis of relevant conduct considers the September 2015 incident to which Defendant pled guilty (the "2015 incident") and the February 2017 incident charged in the original Indictment (the "2017 incident"). Consideration of the 2017 incident results in dramatically increasing the Guideline range. The homemade "zip gun" was found in the 2017 incident and is categorized in the PSR as a "destructive device". Probation calculates an adjusted offense level of 29, criminal history II, and range of 97 to 121 (statutory maximum is 120 months).

Defendant objects to including the 2017 incident in the relevant conduct calculation for offense level purposes. The Government, in adhering to the Plea Agreement argues for a base offense level of 14, and does not argue for the higher base offense level or enhancements based on the "zip gun". The parties agree on the Guideline calculation with the exception of a 4-level enhancement in the PSR applied for use or possession of the firearm in connection with another felony offense. The PSR applies this 4-level enhancement for a Third-Degree assault conviction resulting from the 2017 incident. The Government argues the 4-levels could also be applied because Defendant allegedly pointed the gun at an individual in relation to the 2015 incident. (ECF No. 41, p. 5). The Government argues there is no requirement Defendant actually be charged with another felony relating to the 2015 incident for the enhancement to apply. The court

ORDER - 2

does not find sufficient evidence to support the enhancement in regard to the 2015 incident. It is based on hearsay and the Government did not call any witnesses at sentencing.

In regard to utilizing the 2017 incident for the 4-level enhancement, the court finds the 2017 incident, occurring 17-months after the 2015 incident, to be too temporally removed for the purposes of relevant conduct under the facts of this case. The court is aware that some courts have taken a broad view of relevant conduct, however the temporal requirement is usually under nine months. In the case of *United States v. Phillips*, 516 F.3d 479 (6th Cir. 2008), the Sixth Circuit took an expansive view and allowed consideration of three incidents over a 43-month time period as relevant conduct. However, in so doing the court surveyed other opinions and stated: "These opinions have not set forth any bright line rule regarding the temporal scope of relevant conduct, but have generally upheld relevant conduct designation where the offenses were within a nine-month period." *Id.* at 483; see also *United States v. Santoro*, 159 F.3d 318 (7th Cir. 1998)(allowing consideration of assault rifle possessed 6 to 9 months before offense conduct as relevant conduct).

The court finds the base offense level is 14, there is a 4-level enhancement for obliterated serial number, and a 3 level reduction for acceptance of responsibility resulting in a total offense level of 15. Defendant's criminal history is II, resulting in a Guideline range of 21 to 27 months.

Under the § 3553(a) factors, the Government argues based on Defendant's conduct in the 2015 and 2017 incidents, and in August 2016 where he allegedly approached a neighbor and her children and was waiving a gun around. The Government stated that a sentence of 27 months would be reasonable, but also contended its initial recommendation of 41 months was reasonable. Defendant argued a lengthy sentence was not required to protect the public because he would be deported. Defendant further argued his mental health in mitigation, but no medical records were provided to the court.

ORDER - 3

### III. Conclusion

The court has considered all the § 3553(a) factors and has considered the events in 2015, 2016, and 2017 as part of the history and characteristics of the Defendant. The court is particularly concerned with the use of a firearm in connection with the Third Degree Assault conviction in 2017. The court has considered the sentencing submissions of the parties, the objections to the PSR, and the recommendation of the United States Probation Office. The court has resolved the relevant conduct objection in favor of the Defendant. The court has also resolved the USSG § 2K2.1(b)(6)(B) 4-level enhancement for use or possession of firearm in connection with another felony in favor of Defendant. Based on the applicable Guidelines and consideration of the § 3553(a) factors, the court finds a 27-month sentence to be sufficient but not greater than necessary.

**IT IS HEREBY ORDERED:**

Judgment shall be entered in accord with the court's oral pronouncement of sentence and this Order.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel and the United States Probation Office.

Dated this 18th day of August, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4